## CIRCUIT COURT OF BALTIMORE CITY.

------

Filed February 11, 1908.

------

------

ANNA E. FRALINGER
VS.
THEODORE COOKE.

------

*Allen C. Girdwood* for plaintiff.
*Gans & Haman* and *H. Webster Cooke* for defendant.

ELLIOTT, J.—

The bill in this case was filed by Anna E. Fralinger, asking for an injunction to prevent the defendant, Theodore Cooke, from completing a dwelling at the corner of Covington street and a ten-foot alley, immediately south of Fort avenue, which alley occupied a portion of the bed of Myers street, the north side of said alley being seven feet south of the north side of said street.

It appears from the papers in the cause that Myers street was closed in accordance with an ordinance of the Mayor and City Council of Baltimore, said ordinance having been passed at the instance of the defendant, with the consent of the complainant and other persons whose property abutted on the north side of Myers street.

The inducement moving to the property holders on the north side of Myers street was apparently the addition to their lots of the strip of ground lying between the north side of the new alley and the north side of said street.

The benefit to the defendant was the gaining of the strip of ground, lying between the south side of Myers street and the south side of the ten-foot alley.

Down to this point there seems to have been no disagreement between the parties to this suit; each of them obtained, what he and she sought; and the result was the substitution of a ten-foot alley instead of a street 40 feet 3 inches wide, which said alley was by reason of the method and terms of its creation, a public thoroughfare subject to such rules, regulations and grants as the Mayor and City Council of Baltimore might make with regard to it.

It appears that in accordance with provisions of law, the defendant, in the improvement of his ground to the south of the alley, obtained from the proper department the right to construct areaways on the south side of said alley, and a bay or bow window at the corner of his house, both of which projected somewhat into and over the bed of said alley, and it is this encroachment of which the plaintiff complains.

It is doubtless true, that the municipal authorities, in pursuance of the execution of powers confided in them, for the public welfare have no right to encroach upon private rights, without awarding proper compensation for such injuries as may be suffered by the individual property-holder. But there is nothing unusual in the granting of the permission to erect areaways and bay or bow windows, above mentioned, and I do not find such evidence of a special damage, as would justify this Court in restraining the exercise of the rights granted, especially in a case to which the Mayor and City Council had not been made a party.

There remains, however, in the mind of the Court, a feeling that this suit might have well been rendered unnecessary if the same spirit of agreement which resulted in the closing of Myers street and the securing of considerable benefit therefrom by the defendant, had been adhered to.

It is certainly true that when the width of the street was cut down to that of a ten-foot alley it was believed and expected that the ten-foot would be free and clear of any obstruction or encroachment whatever, and it is only because I feel bound by the act of the municipal authorities legally performed that I refused the injunction.

I think there has been such an encroachment upon the alley way as was not in the contemplation of the plaintiff, at the time she consented to the closing of the street, and this encroachment has resulted entirely to the benefit of the defendant, who in accordance with due forms of law, it is true, but in violation of the strict letter of the agreement has gained advantages which were not necessarily a part of the agreement, or within the contemplation of the parties to it, at the time it was made.

I shall, therefore, while dismissing the bill, direct each party to pay his or her own costs.

The bill, exhibits and other proceedings in the above entitled cause, having been read and considered, it is, this 10th day of February, adjudged, ordered and decreed that the injunction heretofore issued in this cause, be and the same is hereby dissolved and the bill dismissed. And it is further ordered, that each party pay his and her own costs.